IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:20-cv-02493-MEH

EVANSTON INSURANCE COMPANY,

     Petitioner,

v.

JYP INC.,

     Respondent.

---

## ORDER APPOINTING UMPIRE

On May 8, 2017, a hailstorm damaged a commercial property ("Property") in Denver, Colorado owned by JYP, Inc. ("JYP"). Evanston Insurance Company ("Evanston") issued Policy No. 2AA116779 ("Policy") to JYP, Inc. that covered property damage to the building. After JYP reported damage to the property, Evanston investigated and identified certain damage to the building. Evanston issued a payment of $46,390.29 on August 22, 2017 and a supplemental payment of $11,147.79 to cover the cost of repairs for this damage.

On or around February 28, 2019, JYP's public adjusters, Michael Michio and Adrian Enriquez of Claim Adjusters Group, Inc., prepared an estimate for alleged additional damage totaling $143,273.07. The estimate included replacement of the brick façade, re-painting of stairs and window grates at the Property, and replacement of air conditioning units, doors, and lighted signs, among other repairs. Evanston retained a consultant to re-inspect the Property. Following the re-inspection, Evanston agreed to cover some of the additional damage identified by JYP and

its public adjusters. However, Evanston disagreed that other claimed damages, including the brick façade, were caused by hail. JYP disputed this determination as to the amount of the loss.

On October 12, 2019, JYP invoked the appraisal provision in the Policy. JYP identified as its appraiser Joe Green of Quick Home Makeover. Evanston agreed to appraisal and appointed as its appraiser Richard Newton. Mr. Green and Mr. Newton attempted to select an umpire. Mr. Newton proposed individuals who were engineers or had construction industry experience identifying and/or repairing damage to property. Mr. Newton proposed Tim Phelan, P.E. of Knott Laboratory; Peter Marxhausen, P.E. of Unified Building Sciences & Engineering, Inc.; and Dino Hacker of DVH Associates, Inc. After Mr. Green rejected those candidates, Mr. Newton proposed four other individuals, including Daniel F. Wilkins, P.E. of Wilkins Engineering, LLC; Kyle T. Wieghaus, Ph.D., P.E. of Knott Laboratory; William McConnell, P.E. of Vertex, and Brett Lochridge of Unified Building Sciences, Inc. Mr. Green rejected these individuals as well.

Mr. Green proposed Hon. Kirk S. Samelson of the American Arbitration Association; Judge R. Thomas Moorhead of JAG; Judge Ronald Crowder of Southern Colorado Mediation Judges; Judge John P. Leopold of JAMS, The Resolution Experts; Richard P. Myers, Esq. of JAMS, The Resolution Experts, Daniel Himelspach of Dispute Management, Inc.; Chris Weis of Weis Claims; Mark Troudt of Consulting Claims Adjusters, LLC; and Jon Doan of Claims Consultants Group. Mr. Newton rejected these individuals.

Evanston filed this case asking the Court to appoint an umpire. Federal jurisdiction is based on diversity of citizenship under 28 U.S.C. § 1332. The Court finds from the parties' submissions that citizenship is diverse, and the jurisdictional amount has been met.

Evanston asked the Court to appoint a professional engineer and identified three candidates: William McConnell, of Vertex, Wieghaus of Knott Laboratory, LLC and Dan Wilkins

of Wilkins Engineering, Inc. ECF  1. In its response, JYP requested that the Court appoint an individual with experience as a third-party neutral evaluator and expertise in insurance and construction related disputes: Richard Myers, Esq., of JAMS, Judge John P. Leopold (Ret.), of JAMS, Judge Ronald Crowder (Ret.), of Southern Colorado Mediation Judges, and Judge Kirk S. Samelson, of American Arbitration Association. ECF 10. The basic dispute concerning the umpire appointment is that Evanston and its designated appraiser prefer an individual with experience in damage assessment to serve as the umpire; whereas, JYP and its designated appraiser prefer an individual with experience as a third-party neutral evaluator and experience in insurance and construction related disputes.

After reviewing the submissions of both parties, the Court engaged in an effort to identify someone in the Denver market who had legal and construction/engineering experience and who had served in a role of dispute resolution.  Of the two such persons the Court located who found no conflicts with serving in this matter, the Court has determined that Joseph E. Cavasinni shall be appointed as umpire, based on his relatively recent relocation to the Denver area and his apparent lack of involvement in either suing or defending insurance companies.  Although these are considerations expressly cited by Defendant in preferring Mr. Cavasinni over the other proposed umpire, even prior to Defendant's statement of preference, I had determined that those same considerations support at least the appearance of a neutral posture regarding the present dispute.

Therefore, the Court ORDERS as follows:  The Petition to Appoint Appraisal Umpire [filed August 19, 2020; ECF 1] is **granted**.  Joseph A. Cavasinni is appointed as umpire.

This case will be stayed pending completion of the appraisal process. The Court requests a status report in 60 days if the process has not been completed by that time.

DATED this 23rd day of November, 2020.

BY THE COURT:


 S/Michael E. Hegarty
United States Magistrate Judge